# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JOHN THURSTON HITES,

    Petitioner,

v.

WARDEN CEDRICK B. TAYLOR,

    Respondent.

CIVIL ACTION NO.: 5:17-cv-143

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner John Thurston Hites ("Hites"), currently incarcerated at Baldwin State Prison in Hardwick, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence obtained in the Superior Court of Atkinson County, Georgia. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss. (Docs. 10, 11.) Hites filed a Response to the Motion to Dismiss. (Doc. 13.) For the reasons set forth below, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Hites' Petition, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Hites *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

After a jury trial in November 2011, Hites was found guilty of felony murder and aggravated assault. (Doc. 1, p. 1; Doc. 11-1, p. 1); see also Hites v. State, 769 S.E.2d 364 (Ga. 2015). On November 17, 2011, the trial court sentenced Hites to life in prison, and the Georgia Supreme Court affirmed. Id. at 367 n.1, 370. On December 13, 2016, Hites executed a state habeas corpus petition challenging his felony murder conviction in the Superior Court of

Baldwin County, Georgia. (Doc. 12-1, p. 18.) After an evidentiary hearing, the Baldwin County court denied Hites' petition on November 6, 2017. (Doc. 12-2.) Hites did not file a motion for reconsideration or an appeal of this denial. Hites executed this Section 2254 Petition on September 18, 2017, and it was filed in this Court on September 21, 2017. (Doc. 1.)

## DISCUSSION

In his Petition, Hites alleges that his trial and appellate counsel rendered ineffective assistance. (Doc. 1-1.) Respondent contends that Hites untimely filed his Section 2254 Petition because he did not file it within one year of his Atkinson County conviction being "final." (Doc. 11-1, p. 4.) Hites filed a Response arguing that the Court should overlook his untimely filing because his appellate counsel inaccurately advised Hites as to when he could timely file a state and federal habeas petition. (Doc. 13, p. 2.)

### I. Whether Hites Timely Filed his Petition

A petitioner seeking to file a federal habeas petition has one year within which to file his petition. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Hites' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Hites was sentenced in the Atkinson County Superior Court on November 17, 2011. (Doc. 1, p. 1.) On February 16, 2015, the Georgia Supreme Court affirmed Hites' Atkinson County convictions and sentence. (Id. at p. 2); Hites, 769 S.E.2d at 367. Hites had ninety (90) days to file a petition for a writ of certiorari to the United States Supreme Court. Sup. Ct. R. 13. Hites did not file a writ of certiorari, and thus, his conviction became final after the 90 days elapsed on Monday, May 18, 2015. Hites had one year from that date to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to Section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Hites' conviction became final on May 18, 2015. He had one year from that date, or until May 18, 2016, to file a 28 U.S.C. § 2254 petition for writ of habeas corpus. Hites executed his state habeas corpus petition on December 13, 2016, (doc. 12-1, p. 18), nearly seven months after his conviction became final. By that time, the statute of limitations period applicable to Section 2254 petitions had expired. Consequently, the filing of his state habeas corpus petition, though timely under Georgia law, did not toll the federal statute of limitations. Sibley, 377 F.3d at 1204; see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the [federal] limitations period cannot toll that period because there is no period remaining to be tolled.").[1] On its face, Hites' Petition was untimely filed. However, the Court must now determine whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" *and* "that some extraordinary circumstance stood in his way" which prevented him from timely filing his Section 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *rev'd on other grounds,* 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

---

[1] Although Georgia law generally provides four years for individuals to timely file habeas petitions, O.C.G.A. § 9-14-42(c), Section 2244, and not state law, governs the parameters of the federal statute of limitations. "[P]etitioners are free to file, or not file their state habeas petitions within the year following the date their convictions become final . . . . As such, there is no element of punishment or retaliation in the [Antiterrorism and Effective Death Penalty Act's] one-year statute of limitations, which potentially time-bars federal habeas corpus petitions filed by Georgia inmates, who may have timely filed their state habeas corpus petitions."

4

Hites alleges that he untimely filed his habeas petition because his appellate counsel incorrectly advised him that he had "3 years from the time the appeal was denied to file a state habeas corpus. . . [and] if the state habeas corpus was denied then he would have 1 year to file a federal habeas corpus." (Doc. 13, p. 2.) However, "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence, 549 U.S. at 336–37 (citing Coleman v. Thompson, 501 U.S. 722, 756–57 (1991)); see also Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1232 (11th Cir. 2017) (citing Lawrence for the proposition that an attorney missing a filing deadline because he "failed to do even rudimentary research" is insufficient to warrant equitable tolling, especially in the postconviction context). Furthermore, Hites "cannot establish his own due diligence in ascertaining the applicable limitations period." Helton v. Sec'y for the Dep't of Corr, 259 F.3d 1310, 1313 (11th Cir. 2001). When counsel notified Hites of the applicable statute of limitations, Hites was put "on notice of the need to check the federal habeas provision himself. Having failed to do so, [Hites] cannot now claim 'extraordinary circumstances' to justify equitable tolling of [Antiterrorism and Effective Death Penalty Act's] statute of limitations." Id. Accordingly, Hites has not met his burden establishing his entitlement to equitable tolling.

For all of these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Hites' Petition as untimely filed.

## II. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Hites leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. Though Hites has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule

11 of the Rules Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Hites' Petition and Respondent's Motion, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Hites *in forma pauperis* status on appeal.

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>,

537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal and the Court should **DENY** the issuance of a Certificate of Appealability.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 11), **DISMISS** Hites' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Hites leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of July, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA